[Crim. No. 33465, Second Dist., Div. Five, Feb. 5, 1979.]

In re LANCE THOREN on Habeas Corpus.

COUNSEL

Lance Thoren, in pro. per., and Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, and Mary Ellen Baldridge, Deputy State Public Defender, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Donald F. Roeschke, Deputy Attorneys General, for Respondent.

OPINION

KAUS, P. J.—The question presented by this habeas corpus proceeding is whether, in fixing petitioner's sentence pursuant to Penal Code section 1170.2, subdivision (b), the Community Release Board (CRB) erred in treating the sentence in case No. A016728 as consecutive to that in case No. A327560.

The facts are these: On October 27, 1976, petitioner was sentenced to state prison in case No. A016728 after entering guilty pleas to five narcotics offenses. Pursuant to a plea bargain, the court ordered the sentences on the five counts to run concurrently with each other. The most serious of the five offenses was transporting marijuana which at the time carried a penalty of five years to life. (Health & Saf. Code, § 11360, subd. (a), Stats. 1975, ch. 248.)

On January 10, 1977, petitioner pleaded guilty to one count of first degree robbery in case No. A327560 and admitted an allegation that he had used a firearm in the commission of the offense within the meaning of section 12022.5 of the Penal Code. In exchange for the guilty plea, four other pending counts were dismissed, the prosecutor agreed that the People would not write a letter to CRB in the event that that agency was

called upon to redetermine petitioner's sentence, and the trial court promised that it would not impose a consecutive sentence. On January 31, 1977, petitioner was sentenced to state prison for the term prescribed by law on the robbery charge. The Penal Code section 12022.5 allegation was found to be true. Under the then existing law, this meant a term of 10 years to life. (Pen. Code, §§ 213, 12022.5, Stats. 1967, ch. 149, 1975, ch. 278.) The sentence was ordered served concurrently with any other prison sentence petitioner was then serving.

After the Determinate Sentencing Act became effective, CRB concluded that petitioner was a serious offender within the meaning of Penal Code section 1170.2, subdivision (b), and that a longer sentence than that which would result from retroactive application of the Determinate Sentencing Act (DSA) pursuant to Penal Code section 1170.2, subdivision (a) was called for.[1] His term was fixed as follows: 36 months' base term

[1]At the time this determination was made, Penal Code section 1170.2 read as follows:

"(a) In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1170 if he had committed it after July 1, 1977, the Community Release Board shall determine what the length of time of imprisonment would have been under Section 1170 without consideration of good-time credit and utilizing the middle term of the offense bearing the longest term of imprisonment of which the prisoner was convicted increased by any enhancements justified by matters found to be true and which were imposed by the court at the time of sentencing for such felony. Such matters include: being armed with a deadly or dangerous weapon as specified in Section 211a, 460, 3024, or 12022 prior to July 1, 1977, which may result in a one-year enhancement pursuant to the provisions of Section 12022; using a firearm as specified in Section 12022.5 prior to July 1, 1977, which may result in a two-year enhancement pursuant to the provisions of Section 12022.5; infliction of great bodily injury as specified in Sections 213, 264, or 461 prior to July 1, 1977, which may result in a three-year enhancement pursuant to the provisions of Section 12022.7; any prior felony conviction as specified in any statute prior to July 1, 1977, which prior felony conviction is the equivalent of a prior prison term as defined in Section 667.5, which may result in the appropriate enhancement pursuant to the provisions of Section 667.5; and any consecutive sentence.

"(b) If the calculation required under subdivision (a) is less than the time to be served prior to a release date set prior to July 1, 1977, or if a release date had not been set, the Community Release Board shall establish the prisoner's parole date, subject to subdivision (d), on the date calculated under subdivision (a) unless at least two of the members of the Community Release Board after reviewing the prisoner's file, determine that due to the number of crimes of which the prisoner was convicted, or due to the number of prior convictions suffered by the prisoner, or due to the fact that the prisoner was armed with a deadly weapon when the crime was committed, or used a deadly weapon during the commission of the crime, or inflicted or attempted to inflict great bodily injury on the victim of the crime, the prisoner should serve a term longer than that calculated in subdivision (a), in which event the prisoner shall be entitled to a hearing before a panel consisting of at least two members of the Community Release Board as provided for in Section 3041.5. The Community Release Board shall notify each prisoner who is scheduled for such a hearing within 90 days of July 1, 1977, or within 90 days of the date the prisoner is received by or returned to the custody of the Department of Corrections, whichever is later. The hearing shall be held before April 1, 1978, or within

for robbery, the middle term provided for under Penal Code section 213 (Stats. 1977, ch. 165, § 5), 24 months' enhancement for the section 12022.5 violation, and 12 months' enhancement for the offenses in Case No. A016728. Petitioner contends that this latter enhancement violates his plea bargain.

Initially we note that CRB, in exercising its powers under Penal Code section 1170.2, subdivision (b), could have achieved exactly the same result by treating the offenses in case No. A016728 as a justification for imposing the upper term in case No. A327560 (Pen. Code, § 1170, subd. (b)) or by treating them as prior felony convictions and imposing the enhancement provided for in Penal Code section 667.5, subdivision (b). Had CRB opted for either of these alternatives, petitioner clearly would have had no basis for complaint since, under the Indeterminate Sentence Law (ISL), the Adult Authority could and would have taken the

120 days of receipt of the prisoner, whichever is later. The board may by resolution extend this period an additional 90 days. However, such resolution shall have no force or effect if vetoed by resolution of either house of the Legislature. It is the intent of the Legislature that the hearings provided for in this subdivision shall be accomplished in the most expeditious manner possible. At such hearing the prisoner shall be entitled to be represented by legal counsel, a release date shall be set, and the prisoner shall be informed in writing of the extraordinary factors specifically considered determinative and on what basis the release date has been calculated. In fixing a term under this section the board shall be guided by, but not limited to, the term which reasonably could be imposed on a person who committed a similar offense under similar circumstances on or after July 1, 1977, and further, the board shall be guided by the following finding and declaration hereby made by the Legislature: that the necessity to protect the public from repetition of extraordinary crimes of violence against the person is the paramount consideration.

"(c) Nothing in this section shall be deemed to keep an inmate in the custody of the Department of Corrections for a period of time longer than he would have been kept in its custody under the provisions of law applicable to him prior to July 1, 1977. Nothing in this section shall be deemed to require the release of an inmate sentenced to consecutive sentences under the provisions of law applicable to him prior to July 1, 1977, earlier than if he had been sentenced to concurrent sentences.

"(d) In the case of any prisoner who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1170 if the felony was committed on or after July 1, 1977, the good behavior and participation provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply from July 1, 1977, and thereafter.

"(e) In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1168 if the felony was committed on or after July 1, 1977, the Community Release Board shall provide for release from prison as provided for by this code.

"(f) In the case of any inmate who committed a felony prior to July 1, 1977, the length, conditions, revocation, and other incidents of parole shall be the same as if the prisoner had been sentenced for an offense committed on or after July 1, 1977.

"(g) Nothing in this chapter shall affect the eligibility for parole under Article 3 (commencing with Section 3040) of Chapter 8 of Title 1 of Part 3 of an inmate sentenced pursuant to Section 1168 as operative prior to July 1, 1977, for a period of parole as specified in subdivision (b) of Section 3000. (Added by Stats. 1976, ch. 1139, § 273. Amended by Stats. 1977, ch. 2, § 2; Stats. 1977, ch. 165, § 18.)"

multiple offenses into consideration in fixing his term of imprisonment within the statutorily decreed limits of 10 years to life. CRB chose instead to treat the sentence in A016728 as consecutive to that in A327560, expressly setting forth its policy in the following language: "The prisoner has been convicted of multiple offenses and has been given a term to be served concurrently with the term for the base offense. The Community Release Board had determined that crimes for which a serious offender was sentenced concurrently shall be treated as consecutively [*sic*] as provided in Penal Code § 1170.1 consistent with the intent of the Legislature expressed in Penal Code § 1170.2."[2]

■ But for the plea bargain, CRB has the statutory authority to fix consecutive sentences for serious offenders pursuant to Penal Code section 1170.2, subdivision (b), even though the trial court imposed a concurrent sentence under the ISL. (*In re Gray*, 85 Cal.App.3d 255 [149 Cal.Rptr. 416].) In order to determine whether CRB's action violated the plea bargain, it is necessary first to determine precisely what it was that petitioner bargained for. We can say with assurance that petitioner was not promised that he would serve no additional time as a result of the robbery conviction, since that offense, with the "use" enhancement, carried a minimum term of 10 years under the ISL, whereas the minimum term for the marijuana transporting conviction was only 5 years. In effect, what petitioner bargained for and what he got was a promise that he could begin serving his robbery sentence immediately. It was left entirely within the discretion of the Adult Authority to fix his precise term of imprisonment at anywhere from 10 years to life. In so doing the authority was free to consider his record as a whole as reflected in his probation report.

Enactment of the DSA cannot be regarded as anything other than a windfall to petitioner. It would be a ludicrous exaltation of form over substance to say that CRB violated petitioner's plea bargain by fixing his sentence at six years, merely because the rationale it employed in doing so implemented a policy of treating concurrently imposed sentences as having been consecutively imposed. (See *In re Shetterly*, 86 Cal.App.3d 889 [150 Cal.Rptr. 603], wherein the court upheld an enhancement for prior felony convictions which had been stricken by the trial court as part of a plea bargain.)

---

[2]This statement is contained in an untitled CRB document which petitioner has included as an exhibit to the petition.

The policy which CRB has adopted with respect to treating concurrently imposed sentences as having been consecutively imposed for purposes of computing sentences under section 1170.2, subdivision (b) was also applied to the defendant in *In re Gray, supra,* 85 Cal.App.3d 255, 258. The question of the validity of such a standardized policy is worthy of attention. Section 1170.2, subdivision (b) calls upon CRB to fix terms for serious offenders at something above the sentence which would be arrived at by simple retroactive application of the DSA (Pen. Code, § 1170.2, subd. (a)), subject to the limitation that the sentence so imposed cannot result in a period of incarceration greater than that which the defendant would have served under the ISL (Pen. Code, § 1170.2, subd. (c)). Subdivision (b) of section 1170.2 sets forth the criteria which CRB may consider in deciding whether a defendant is a serious offender, but it provides few guidelines to CRB in computing the serious offender's sentence within the permissible minimum and maximum range. Thus CRB is directed to consider the term which "reasonably could be imposed on a person who committed a similar offense under similar circumstances on or after July 1, 1977," but with primary emphasis on the protection of society. CRB is further advised by Penal Code section 1170 that the purpose of imprisonment is punishment and that this purpose is best achieved by uniformity of sentences. CRB's policy of treating concurrently imposed sentences as having been consecutively imposed for serious offenders seems well designed to achieve the goal of uniformity within the framework of the legislative guidelines set forth in section 1170.2, subdivision (b).

The order to show cause is discharged. The petition for writ of habeas corpus is denied.

Stephens, J., and Hastings, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 9, 1979.